JUDGE CROTTY

**08 CV 4895**

Bennett, Giuliano, McDonnell & Perrone, LLP
Attorneys for Plaintiff
494 Eighth Avenue, 7th Floor
New York, New York 10001
Telephone:   (646) 328-0120
Nicholas P. Giuliano (NG 1060)

RECEIVED
MAY 28 2008
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MERCHANT CASH & CAPITAL LLC,

                Plaintiff,

    - against-

GLOBAL RESTAURANT GROUP, LLC.,
d/b/a CRESCENT MOON RESTAURANT,
WILLIAM DALLAS CURTIS,
JOHN G. KASTANOS, and
STRONG RESTAURANT GROUP, LLC.

                Defendants.
------------------------------------------------------------------X

ECF CASE
08 CV 4895 (PAC)(MHD)

**COMPLAINT**

Plaintiff, Merchant Cash & Capital, LLC, by its attorneys, Bennett, Giuliano, McDonnell & Perrone, LLP, alleges as follows:

1.    Plaintiff, Merchant Cash & Capital, LLC (hereinafter referred to as "MCC"), is a Delaware limited liability company with its principal place of business at 450 Park Avenue South, 11th Floor, New York, New York.

2.    Defendant, Global Restaurant Group, LLC, doing business as Crescent Moon Restaurant (hereinafter referred to as "Global Restaurant"), is a limited liability company duly organized under the laws of Georgia, with its principal place of business at 4800 Briarcliff Road NE, Suite 2036, Atlanta, Georgia 30345.

3.     Defendant, William Dallas Curtis (hereinafter referred to as "Curtis"), was the owner and CFO of Global Restaurant and is a citizen and resident of the State of Georgia.

4.     Defendant, John G. Kastanos (hereinafter referred to as "Kastanos"), is the present owner of Crescent Moon Restaurant and was an officer, director, shareholder, employee, or otherwise held an ownership interest in Global Restaurant and is a citizen and resident of the State of Georgia.

5.     Defendant, Strong Restaurant Group, LLC (hereinafter referred to as "Strong Restaurant"), presently doing business as Crescent Moon Restaurant, is a limited liability company duly organized under the laws of Georgia, with its principal place of business at 4800 Briarcliff Road NE, Suite 2036, Atlanta, Georgia 30345.

6.     Defendant Kastanos owns and/or controls defendant Strong Restaurant.

7.     The parties are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

8.     This Court has personal jurisdiction over defendants Global Restaurant, Curtis, Kastanos, and Strong Restaurant based on the forum selection clause in the Contract, which is the basis of this Complaint, and based on their transaction of business or doing business in the State of New York pursuant to C.P.L.R. § § 301 and 302.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

9.     MCC repeats and realleges each and every allegation contained in paragraphs 1 through 8 of this Complaint as though fully set forth herein.

10.     On or about April 16, 2007, Global Restaurant entered into a contract (the "Contract") with MCC wherein Global Restaurant sold $131,140.00 worth of future receivables to MCC for $83,000.00.

11.     On or about July 20, 2007, Global Restaurant sold $47,400.00 worth of future receivables to MCC for $30,000.00.

12.     On or about August 30, 2007, Global Restaurant sold $18,960.00 worth of future receivables to MCC for $12,000.00.

13.     In total, Global Restaurant sold future receivables worth $197,500.00 to MCC for $125,000.00, of which $86,198.64 has been paid back, leaving $111,301.36 due and owing.

14.     To ensure that the future receivables were paid to MCC, Global Restaurant agreed to process all of its credit card transactions through a processor approved by MCC, Cynergy Data.

15.     Under the Contract, a percentage of Global Restaurant's credit card transactions were to be paid by Cynergy Data directly to MCC until the total amount of future receivables paid to MCC amounted to $197,500.00.

16.     MCC filed a Uniform Commercial Code Financing Statement which placed the world on notice of MCC's perfected security interest in Global Restaurant's and/or Crescent Moon's future account receivables.

17.     Upon information and belief, prior to MCC receiving full payment of the above-mentioned receivables, Curtis sold or transferred Global Restaurant to Kastanos and/or Strong Restaurant and relinquished ownership, which was in direct violation of the agreement between Global Restaurant, Curtis, and MCC.

18.     As a result of the sale or transfer of Global Restaurant by Curtis to Kastanos and/or Strong Restaurant, Curtis is no longer processing credit card transactions through Global Restaurant and is, therefore, in breach of his Contract with MCC.

19.     At the time of the sale, Kastanos and/or Strong Restaurant knew of the Contract between Global Restaurant and MCC.

20.     Kastanos and/or Strong Restaurant are continuing to operate Crescent Moon in the same location, under the same name, and with the same equipment as when owned by Global Restaurant and Curtis.

21.     To date, defendants owe plaintiff $111,301.36.

22.     Defendants have not paid plaintiff any of the $111,301.36 owed, although payment thereof has been duly demanded.

23.     The Contract between Global Restaurant and MCC requires Global Restaurant to pay MCC's legal fees in the event of a breach of contract.

## SECOND CAUSE OF ACTION
## BREACH OF PERSONAL GUARANTY

24.     MCC repeats and realleges each and every allegation contained in paragraphs 1 through 23 of this Complaint as though fully set forth herein.

25.     Performance of the Contract is personally guaranteed by defendant Curtis.

26.     By reason of the foregoing, MCC has been caused to sustain damages in the amount of $111,301.36 plus interest, costs, disbursements, and attorneys' fees.

WHEREFORE, Plaintiff demands as follows:

1.     That judgment be entered in favor of plaintiff against defendants on each cause of action in the amount of $111,301.36.

2.     That plaintiff be awarded interest, costs, disbursements, and attorneys' fees; and

3.     That the plaintiff have such other, further, and different relief as may be just, proper, and equitable.

Dated: New York, New York
     May 23, 2008

                    Bennett, Giuliano, McDonnell & Perrone, LLP
                    Attorneys for Plaintiff
                    MERCHANT CASH & CAPITAL, LLC

                    Nicholas P. Giuliano
                    Erika M. Achtziger
                    494 Eighth Avenue, 7th Floor
                    New York, New York 10001
                    Telephone:   (646) 328-0120

**TO:**   William Dallas Curtis
        265 Stonewall Avenue West
        Apartment 14
        Fayetteville, GA 30214

        Global Restaurant, LLC
        d/b/a Crescent Moon Restaurant
        P.O. Box 8179
        Atlanta, GA 31106

        John G. Kastanos
        2118 Clairmont Road
        Decatur, GA 30032

        Strong Restaurant Group, LLC
        2118 Clairmont Road
        Decatur, GA 30032

Z:\Documents\All Files\D817 MCC v. Crescent Moon Restaurant\Pleadings\Complaint--052008.doc